(5 Misc. Rep. 361.)

### WALKER et al. v. HUBERT.

(City Court of New York, General Term. October 20, 1893.)

PAROL EVIDENCE.
    A written contract cannot be varied by evidence of oral statements made prior to or at the making of the contract.

Appeal from trial term.

Action by George K. Walker and another against Philip G. Hubert to recover for lithographs furnished. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before EHRLICH, C. J., and NEWBURGER and McCARTHY, JJ.

J. A. Dennison, for appellant.
Clark & Sanborn, for respondents.

McCARTHY, J. A contract in writing was entered into between the parties to this action, dated January 1, 1890, whereby plaintiffs agreed to furnish lithographs to defendant to the amount in value of $1,820, to be paid for promptly as used, and which defendant agreed to use and pay for within two years from the date of the contract. This action was brought to recover a balance of $1,002.96 and interest, due on that contract. By amended answer, served shortly before the trial, defendant set up as a defense that an agreement was made after the contract was signed that the defendant should be released from liability upon it, and Gustave Frohman, defendant's son-in-law, substituted in his place as debtor; and it was alleged as a further defense and counterclaim that said Frohman was to be allowed a commission for printing and lithographing obtained for plaintiffs from third parties, and that such commissions were to be applied on the debt in suit, and that such commissions had become due Frohman to an amount exceeding the demand

in suit. There was testimony given in behalf of defendant of a conversation between Frohman and a Mr. Barnes, who was plaintiffs' agent, and who had died since the trial of this cause, in which Frohman agreed to assume the debt, and defendant was to be released. This conversation was denied by Mr. Barnes, and there was no written evidence of any such agreement. In support of the other alleged defense, defendant relied upon a letter written by plaintiffs to Frohman under date of August 20, 1890, which was shortly after a contract other than the one in suit had been entered into between the parties to this action for other lithographs, in which letter it was stated that commissions were to be allowed Frohman and credited on the last shipment of lithographic work made for defendant. A letter was introduced in evidence by plaintiffs, dated February 13, 1890, shortly after the contract in suit had been signed, in reference to allowing Frohman commissions, which contained nothing conflicting with the letter of August 20th, but which expressed another condition of the contract as to commissions, viz. that the commission was to be paid when all the lithographs on which it was claimed were taken and paid for. This condition was assented to. The principal contracts on which commissions were claimed by Frohman were made with one Pearson, and the evidence showed that Frohman had not obtained any contracts whatever for plaintiffs which had been carried out by the parties giving the orders, and so no commissions had become due him. Until the trial Frohman had never claimed commissions on the face of the contracts. In August, 1891, Frohman stated to Mr. Barnes that he was paying money to defendant to meet the bill now in suit, which would become due the following January, and that the bill would be paid when due. Plaintiffs have been constantly doing printing and lithographic work for Frohman since the contract in suit was executed. The defendant, by his answer, admitted the claim of the plaintiffs, and the credit allowed by them, and endeavors to avoid the payment of the balance claimed by the contentions presented in his defenses. The question on this appeal for consideration therefore arises on the refusal to admit certain testimony presented by the defendant of conversations had between the parties before and at the time of the making of the written contract under which the plaintiff seeks to recover. Also to exceptions taken by the defendant on the refusal of the court to charge as requested. It is apparent that the evidence ruled out and stricken out was improper, and would have altered the terms of the written contract. The law in this state, "that one cannot vary or alter a written contract by oral statements made prior to or at the making of the contract and that such conversations are deemed merged in the contract," is so well established that it is unnecessary to cite authorities. Evidence of an oral agreement affecting the details as to the manner of payment was admitted. Such agreement having been made subsequent to the written contract, this was properly admitted, and in the able and impartial charge delivered the whole question of fact was fully and fairly submitted to the consider-

ation of the jury. The issues were of fact, and the jury had a right to accept or disbelieve the testimony of one side or the other. There is sufficient evidence to support the verdict. We find no errors on the part of the trial judge, and therefore judgment should be affirmed, with costs. All concur.